UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETT DONOHOE,

    Plaintiff,

CASE NO. 05-71763
HON. LAWRENCE P. ZATKOFF

v.

J-WAY LEASING &
MARINE, LLC,

    Defendant.

_____/

**OPINION AND ORDER**

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Response to the Court's Order to Show Cause [dkt 17], Defendant's Response to the Court's Order to Show Cause [dkt 18] and Motion to Dismiss for Lack or Personal Jurisdiction, or in the Alternative, to Transfer Venue [dkt 4]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Transfer Venue is GRANTED.

### II. BACKGROUND

Plaintiff was employed as a deckhand and operating engineer on a marine vessel owned and operated by Defendant. Plaintiff alleges that on July 23, 2004, he suffered injuries due to Defendant's negligence. Plaintiff alleges he was injured in Virginia and/or the District of Columbia.

On May 4, 2005, Plaintiff filed suit in this Court under the Jones Act and the Longshore and Harbor Workers Compensation Act.

Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer Venue. Plaintiff responded, alleging Defendant did business in Michigan, but did not produce any facts supporting that allegation. On November 1, 2005, the Court issued an Order to Show Cause as to why the case should not be dismissed for lack of personal jurisdiction. Both parties have responded.

### III. LEGAL STANDARD

Personal jurisdiction is appropriate when it comports with the forum state's long-arm statute and due process. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). The Court may exercise either general or specific jurisdiction. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). The Court may exercise general jurisdiction when "when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic.'" *Id.* at 418. For specific jurisdiction,

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quotations omitted).

### IV. ANALYSIS

Plaintiff does not argue that his cause of action relates to Defendant's activities in Michigan. Thus, personal jurisdiction over the Defendant is only appropriate if general jurisdiction is present. Plaintiff argues that jurisdiction is appropriate since Defendant entered into a contract with the Army

2

Corps of Engineers Detroit District Office, and a shareholder of Defendant's once owned property in Michigan.

The Court finds this argument unpersuasive. First, the place of performance of the contract with the Army Corps of Engineers was Illinois. In *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984), the Supreme Court considered a case where a contract to be performed in Peru was negotiated in Texas. The Supreme Court held that there were insufficient contacts with Texas to establish general jurisdiction there. *Id.* at 416.

The Michigan property once owned by a shareholder of Defendant's is likewise insufficient to establish general jurisdiction. Plaintiff admits there is no evidence that links Defendant with the property. Property once owned by a company's shareholder does not constitute a substantial contact with the forum state.

Plaintiff concurs with Defendant that if Defendant is not subject to personal jurisdiction in Michigan, venue is proper in the Northern District of Ohio. 28 U.S.C. § 1406(a) permits a Court to transfer a case when it lacks personal jurisdiction. *Global Crossing Telcoms., Inc. v. World Connection Group, Inc.*, 287 F. Supp. 2d 760, 764 (E.D. Mich. 2003). 1406(a) allows a Court to transfer a case "in the interest of justice," to any "district or division in which it could have been brought." Defendant is registered in the Northern District of Ohio, and agrees that it is subject to personal jurisdiction there. Thus, the case could have been brought in the Northern District of Ohio pursuant to 28 U.S.C. § 1391. The Court agrees with Plaintiff that dismissal and re-commencement of this action would inconvenience Plaintiff and Defendant, and would work contrary to the interests of judicial economy. Thus, transferring the case is in the interest of justice.

## V. CONCLUSION

The Court HEREBY GRANTS Defendant's Motion to Transfer to the Northern District of Ohio. Therefore, the Court HEREBY ORDERS that the present action be transferred to the Northern District of Ohio.

IT IS SO ORDERED.

                                  s/Lawrence P. Zatkoff
                                  LAWRENCE P. ZATKOFF
                                  UNITED STATES DISTRICT JUDGE

Dated: November 22, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 22, 2005.

                                  s/Marie E. Verlinde
                                  Case Manager
                                  (810) 984-3290